1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **EASTERN DISTRICT OF CALIFORNIA**
10
11   CURTIS HIGHTOWER,                    )   Case No.: 1:14-cv-01675-LJO-JLT
                                          )
12              Petitioner,               )   ORDER GRANTING PETITIONER'S MOTION
                                          )   TO AMEND (Doc. 12)
13        v.                              )
                                          )   ORDER DIRECTING CLERK OF THE COURT
14   PEOPLE OF THE STATE OF CALIFORNIA,   )   TO SUBSTITUTE IN WARDEN BRIAN KOEHN
                                          )   AS THE NAMED RESPONDENT IN THIS CASE
15              Respondent.               )
                                          )
16                                        )   PETITIONER'S MOTION TO APPOINT
                                          )   COUNSEL IS DENIED (Doc. 3)
17                                        )
                                          )
18                                        )   PETITIONER'S MOTION FOR EQUITABLE
                                          )   TOLLING IS DENIED WITHOUT PREJUDICE
19                                        )   (Doc. 4)
                                          )
20   _____ )

21        Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

22   corpus pursuant to 28 U.S.C. § 2254.

23                          **<u>PROCEDURAL HISTORY</u>**

24        The instant petition was filed on October 27, 2014.  (Doc. 1).  Along with the petition,

25   Petitioner filed a motion to appoint counsel (Doc. 3) and a motion for equitable tolling.  (Doc. 4).  On

26   November 7, 2014, the Court ordered Petitioner to file a motion to name the proper respondent in this

27   case.  (Doc. 7).  On December 1, 2014, Petitioner filed the instant motion to name Warden Brian

28

                                             1

1  Koehn as the Respondent in this case.  (Doc. 12).

2  **DISCUSSION**

3      A.  <u>Motion for Counsel</u>.

4      Tthere currently exists no absolute right to appointment of counsel in habeas proceedings.  <u>See</u>

5  <u>e.g.</u>, <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir. 1958); <u>Mitchell v. Wyrick</u>, 727 F.2d 773, 774

6  (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at

7  any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Rules Governing Section

8  2254 Cases.  In the present case, the Court does not find that the interests of justice require the

9  appointment of counsel at the present time.  Accordingly, Petitioner's motion for appointment of

10  counsel is denied without prejudice.

11      B.  <u>Motion for Equitable Tolling</u>.

12      In this motion, Petitioner's requests the application of equitable tolling by this Court to make

13  his petition timely under prevailing federal habeas law.  However, a preliminary review of the petition

14  does not indicate that it is untimely.  The AEDPA imposes a one year period of limitation on

15  petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The

16  one-year limitation period commences the day following the expiration of Petitioner's direct appeal.

17      Petitioner states that he filed a petition for review that was denied by the California Supreme

18  Court on July 31, 2013.  (Doc. 3, p. 1).  Thus, direct review would have concluded on October 30,

19  2014, when the ninety-day period for seeking review in the United States Supreme Court expired.

20  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999);

21  <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the

22  following day, October 31, 2013, or until October 30, 2014, absent applicable tolling, within which to

23  file his federal petition for writ of habeas corpus.  The petition indicates that Petitioner placed the

24  petition for mailing with prison staff on October 28, 2014.  (Doc. 1, p. 21).  Thus, the Court's

25  preliminary review of the petition's timeliness indicates that the petition would be timely by two days

26  if Petitioner's allegations regarding the dates set forth above are accurate.  Accordingly, the Court will

27  deny without prejudice the motion to apply equitable tolling, since it does not appear at this juncture

28  that any tolling is required to make the petition timely.  Should a timeliness issue arise at some later

2

point, Petitioner may again raise the issue of equitable tolling.

    C. <u>Motion to Amend Petitioner to Name Proper Respondent</u>.

    Pursuant to the Court's order, Petitioner has moved to substitute as Respondent Warden Brian Keohn, warden of the Florence Correctional Center, Florence, Arizona, where Petitioner is currently incarcerated, for the present Respondent, "People of the State of California."  Because Warden Koehn is the proper Respondent, the motion will be granted.

<u>**ORDER**</u>

    For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.    Petitioner's motion to name the proper Respondent (Doc. 12), is GRANTED;

2.    The Clerk of the Court is DIRECTED to substitute the name of Brian Koehn for "People of the State of California" as the named Respondent in this case;

3.    Petitioner's motion to appoint counsel (Doc. 3), is DENIED;

4.    Petitioner's motion for equitable tolling (Doc. 4), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 8, 2015**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE